

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00044-CV

CHARLES H. MYERS                                                    APPELLANT

V.

SAMUEL MYERS                                                          APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles H. Myers appeals the trial court's judgment that gave appellee Samuel Myers possession of a Fort Worth residence.[2] We strike appellant's briefs and dismiss the appeal.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Prop. Code Ann. § 24.007 (West 2000) (explaining that a final judgment of a county court in an eviction suit may be appealed on the issue of possession if the premises are being used for residential purposes only). A justice of the peace rendered judgment for appellee; appellant appealed the judgment to a county court at law, and the county court at law also rendered judgment for appellee.

Appellant filed a document on August 26, 2011 that we construed as his brief. The same day, we sent him a letter informing him that, for numerous reasons, the brief did not comply with rule of appellate procedure 38.1. *See* Tex. R. App. P. 38.1. We directed appellant to file an amended brief that complied with rule 38.1 by September 6, 2011. Appellant filed an amended brief, but it does not comply with rule 38.1.[3] Therefore, on September 9, 2011, we sent appellant a letter informing him that his amended brief was deficient and explaining that if he did not file a second amended brief by September 19, 2011 that complied with rule 38.1, we could strike his briefs and dismiss the appeal. Appellant has not filed a compliant brief or otherwise responded to our September 9, 2011 letter. Accordingly, we strike appellant's briefs and dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(b), (c); *Johnson v. Dallas Hous. Auth.*, 179 S.W.3d 770, 770 (Tex. App.— Dallas 2005, no pet.).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: November 3, 2011

---

[3]For example, appellant's argument in his amended brief, in two sentences, references only a book in the Bible and provisions of the United States Constitution without explaining how the facts of his case apply to those sources.